**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Randal Wade McCoy, Appellant.

Appellate Case No. 2015-000485

---

Appeal From Aiken County
G. Thomas Cooper, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-033
Submitted November 1, 2016 – Filed January 11, 2017

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *In re Manigo*, 389 S.C. 96, 106, 697 S.E.2d 629, 633-34 (Ct. App. 2010) ("The admissibility of an expert's testimony is within the trial [court's] sound discretion, whose decision will not be reversed absent an abuse of discretion."); *id.* at 106, 697 S.E.2d at 633 ("To constitute an abuse of discretion, the conclusions of the trial [court] must lack evidentiary support or be controlled by an error of law."); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) (stating

this court will reverse a "trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence . . . only in exceptional circumstances"); S.C. Code Ann. § 44-48-80(D) (Supp. 2016) (permitting the circuit court to appoint an expert to evaluate "whether the person is a sexually violent predator"); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. White*, 382 S.C. 265, 270, 676 S.E.2d 684, 686 (2009) ("[A]ll expert testimony under Rule 702, SCRE, imposes on the trial courts an affirmative and meaningful gatekeeping duty."); *id.* (finding the trial court's gatekeeping function includes "ensuring the proposed expert testimony meets a reliability threshold for the jury's ultimate consideration"); *State v. Jones*, 343 S.C. 562, 572, 541 S.E.2d 813, 818 (2001) ("Scientific evidence is admissible under Rule 702, SCRE, if the trial [court] determines: (1) the evidence will assist the trier of fact; (2) the expert witness is qualified; (3) the underlying science is reliable, applying the factors found in *State v. Jones*, 273 S.C. 723, 259 S.E.2d 120 (1979); and (4) the probative value of the evidence outweighs its prejudicial effect."); *Jones*, 343 S.C. at 573, 541 S.E.2d at 819 ("The *Jones* reliability factors take into consideration: (1) the publications and peer reviews of the technique; (2) prior application of the method to the type of evidence involved in the case; (3) the quality control procedures used to ensure reliability; and (4) the consistency of the method with recognized scientific laws and procedures.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.